### PETER MATTHEWS v. JANE MILLER.

1. The return of a constable on an execution issued out of the court for the trial of small causes, "no property found whereon to levy," does not meet the requirement of the statute to make docketing proceedings valid.

2. The return should be to the effect that "he could not find property on which to levy," &c.
3. Some effort to find personal property of defendant by the constable should appear by the return.

In ejectment.   On case certified.

Argued at June Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *William B. Gillmore.*

For the defendant, *Dewitt C. Bolton.*

The opinion of the court was delivered by

PARKER, J.   The land in controversy was conveyed to Peter Matthews, the plaintiff in this action, by the Paterson Land Improvement Company, in the year 1866.

A judgment was subsequently recovered in the court for the trial of small causes, against Matthews, by Robert Miller, which judgment was docketed in the Court of Common Pleas of the county of Passaic.   Execution on said judgment was issued and the land sold by the sheriff to Jane Miller, the defendant.

The validity of the defendant's title depends upon the legality of the docketing proceedings.

The return by the constable, endorsed on the execution issued by the justice, is in these words, viz., "I return this execution in court, with no property found whereon to levy."

In order to docket, legally, a judgment obtained in the court for the trial of small causes, execution should be issued and a return thereon be made by the constable, to the effect that he "could not find any personal property of the defendant on which to levy," &c.

Does the return endorsed on this execution answer the requirement of the statute ?

The return by a constable of an execution "with no prop-

erty found of defendant on which to levy," is not to the effect that " he could not find property of the defendant on which to levy."

It does not appear by the return in this case that the constable made any effort to find property. He could have truthfully made the return he did had he endorsed the execution and delivered it to the justice the moment after it had been handed to him, without looking for property. The return required by the statute involves inquiry and search for property of defendant on which to levy, and if such inquiry and search should be fruitless, then the constable would be enabled to endorse on the execution that he *could not* find property, &c.

In docketing a judgment obtained in the court for the trial of small causes, the plaintiff proceeds *ex parte*.

No adjudication of the Court of Common Pleas is necessary. If the docketing be legally done, the result is to make the judgment originally of an inferior court, bind lands, upon the mere request and action of the plaintiff, without notice to the defendant, and without opportunity on his part to object. The plaintiff, having the direction of the docketing proceedings, should see that the return of the constable, as well as other requirements be in conformity with the statute. The whole proceeding is statutory, and unless strictly pursued the docketing is void.

The return of the constable in this case does not meet the statutory requirement, and therefore the judgment and execution under which the deed was made to defendant are void.

In *Tasto* v. *Klopping*, 14 *Vroom* 448, where the return of the constable was less objectionable, the Court of Errors and Appeals declared the docketing void.

The judgment in this case should be for the plaintiff, and the Circuit Court is so advised.